**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI, and BRIAN WOLFE, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY AMERICA, INC., and CALIFORNIA DAIRIES, INC.,<br><br>Defendants. | NO. 1:09-CV-00430-AWI-DLB<br><br>ORDER TO STAY PROCEEDINGS AND STATISTICALLY CLOSE THE CASE |

On February 9, 2010, the court issued a memorandum opinion and order dismissing Plaintiffs' first amended complaint with leave to amend. The court's dismissal was based on its determination that the filed rate doctrine rendered Plaintiffs' claims for money damages non-justiciable. In the order, the court noted that "the filed rate doctrine consists of a body of law that has been the subject of conflicting interpretations." Doc. # 83 at 20:7-8. The court noted it would "give favorable consideration to the motion of either party for interlocutory appeal on the issue of whether the filed rate doctrine bars Plaintiffs' claims in this case." Id.

On March 8, 2010, Plaintiffs filed a notice of appeal. Pursuant to 28 U.S.C. § 1292(b), where a court issues an order that is not otherwise appealable, and where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion . . . ." the appellate court may permit appeal to be taken from such order. Id. Given that there has been

no separate motion for interlocutory appeal, this court assumes for present purposes that the memorandum opinion and order of March 8 sufficiently stated the controlling question of law, the basis for reasonable difference of opinion, and its opinion that immediate appeal would materially advance the ultimate termination of the litigation such that the appellate court may exercise jurisdiction pursuant to section 1292(b).

Based on its understanding that the appellate court may exercise jurisdiction over Plaintiffs' appeal and pursuant to its need to handle and account for its work load, the court will stay further proceedings in this case and will order that the case be statistically closed.

THEREFORE, in consideration of the forgoing, it is hereby ORDERED that proceedings in this action shall be stayed until such time as the appellate court renders its decision or either party moves to re-institute proceedings. The clerk of the court shall statistically CLOSE THE CASE.

IT IS SO ORDERED.

**Dated: March 9, 2010**       /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE