Joseph J. Tabacco, Jr. (SBN 75484)
Christopher T. Heffelfinger (SBN 118058)
Anthony D. Phillips (SBN 259688)
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermandevalerio.com
         cheffelfinger@bermandevalerio.com
         aphillips@bermandevalerio.com

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and BRYAN WOLFE, individually and on behalf of themselves and all others similarly situated, | Case No.  1:09 CV 00430-AWI GSA |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | **CLASS ACTION** |
| DAIRYAMERICA, INC. and CALIFORNIA DAIRIES, INC., | **(Doc. 126)** |
| Defendants. | |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such information may include, but is not limited to, proprietary business information and trade secrets or other confidential research or commercial information within the meaning of Fed. R. Civ. P. 26(c). Public disclosure of such information would expose the Designating Party (as defined below) to undue competitive disadvantage.

The parties request entry of a Court order because these provisions will streamline the exchange of confidential information and will streamline the prosecution of this litigation. Additionally, this Stipulated Protective Order provides for judicial intervention in the event the Parties cannot resolve their disputes about confidentiality designations and because it contemplates the disclosure of confidential information by and to third parties and establishes a protocol for doing so.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

**Error! Unknown document property name.**

2.2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.3. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7. House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their attorney work product, or the work product of their co-counsel.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

**Error! Unknown document property name.**

1 order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
2 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
3 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this
4 action, including the time limits for filing any motions or applications for extension of time
5 pursuant to applicable law.

6     5.      DESIGNATING PROTECTED MATERIAL

7         5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party
8 or Non-Party that designates information or items for protection under this Order must take care
9 to limit any such designation to specific material that qualifies under the appropriate standards.
10 The Designating Party must designate for protection only those parts of material, documents,
11 items, or oral or written communications that qualify – so that other portions of the material,
12 documents, items, or communications for which protection is not warranted are not swept
13 unjustifiably within the ambit of this Order.

14         If it comes to a Designating Party's attention that information or items that it designated
15 for protection do not qualify for protection, that Designating Party must promptly notify all
16 other Parties that it is withdrawing the mistaken designation.

17         5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order
18 (see, e.g., second paragraph of section 5.3 below), or as otherwise stipulated or ordered,
19 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly
20 so designated before the material is disclosed or produced.

21         Designation in conformity with this Order requires:

22         (a) for information in documentary form (e.g., paper or electronic documents, but
23 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
24 Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only
25 a portion or portions of the material on a page qualifies for protection, the Producing Party also
26 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
27 margins).

28

**Error! Unknown document property name.**

1       A Party or Non-Party that makes original documents or materials available for inspection may, but need not, designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party may determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

      (c) <u>for information produced in electronic, video or other forms and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3.   Inadvertent Failures to Designate. If a Party discovers that it has produced material that was not designated as Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by Bates number or other individually identifiable information) the affected documents and their new designation.  Thereafter, the material so designated will be treated as Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly

designated material. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Challenging Party who elects to initiate a challenge to a Designating Party's Confidentiality designation must do so in good faith and must begin the process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion or letter brief with the Court to

1:09 CV 00430 –AWI (GSA) STIPULATED PROTECTIVE ORDER 6

**Error! Unknown document property name.**

1  retain confidentiality under Civil Local Rule 230 within 21 days of the initial notice of
2  challenge or within 14 days of the parties agreeing that the meet and confer process will not
3  resolve their dispute, whichever is earlier, or otherwise by stipulation. Each such motion must
4  be accompanied by a competent declaration affirming that the movant has complied with the
5  meet and confer requirements imposed in the preceding paragraph. Failure by the Designating
6  Party to make such a motion including the required declaration within 21 days (or 14 days, if
7  applicable) shall, unless otherwise agreed by stipulation, automatically waive the confidentiality
8  designation for each challenged designation. In addition, the Challenging Party may file a
9  motion challenging a confidentiality designation at any time if there is good cause for doing so,
10 including a challenge to the designation of a deposition transcript or any portions thereof. Any
11 motion brought pursuant to this provision must be accompanied by a competent declaration
12 affirming that the movant has complied with the meet and confer requirements imposed by the
13 preceding paragraph.
14       The burden of persuasion in any such challenge proceeding shall be on the Designating
15 Party. During the pendency of the meet and confer and motion practice, all parties shall
16 continue to afford the material in question the level of protection to which it is entitled under the
17 Producing Party's designation until the court rules on the challenge.
18 7.      ACCESS TO AND USE OF PROTECTED MATERIAL
19       7.1.   Basic Principles. A Receiving Party may use Protected Material that is disclosed
20 or produced by another Party or by a Non-Party in connection with this case only for
21 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
22 disclosed only to the categories of persons and under the conditions described in this Order.
23 When the litigation has been terminated, a Receiving Party must comply with the provisions of
24 section 13 below (FINAL DISPOSITION).
25       Protected Material must be stored and maintained by a Receiving Party at a location and
26 in a secure manner that ensures that access is limited to the persons authorized under this Order.
27
28
   1:09 CV 00430 –AWI (GSA) STIPULATED PROTECTIVE ORDER                                             7
   **Error! Unknown document property name.**

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts and/or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any other person to whom the Designating party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

**Error! Unknown document property name.**

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1:09 CV 00430 –AWI (GSA) STIPULATED PROTECTIVE ORDER                                                         9
**Error! Unknown document property name.**

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1:09 CV 00430 –AWI (GSA) STIPULATED PROTECTIVE ORDER                                             10

**Error! Unknown document property name.**

1  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
2  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
3  made of all the terms of this Order, and (d) request such person or persons to execute the
4  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

5  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL
6

7  When a Producing Party gives notice to Receiving Parties that certain inadvertently
8  produced material is subject to a claim of privilege or other protection, the obligations of the
9  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
10 provision is not intended to modify whatever procedure may be established in an e-discovery
11 order that provides for production without prior privilege review. Pursuant to Federal Rule of
12 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of
13 a communication or information covered by the attorney-client privilege or work product
14 protection, the parties may incorporate their agreement in the stipulated protective order
15 submitted to the court.

16 12.   MISCELLANOUS

17   12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to
18 seek its modification by the court in the future.

19   12.2.   Right to Assert Other Objections. By stipulating to the entry of this Protective
20 Order no Party waives any right it otherwise would have to object to disclosing or producing
21 any information or item on any ground not addressed in this Stipulated Protective Order.
22 Similarly, no Party waives any right to object on any ground to use in evidence of any of the
23 material covered by this Protective Order.

24   13.   Filing Protected Material. Without written permission from the Designating
25 Party or a court order secured after appropriate notice to all interested persons, a Party may not
26 file in the public record in this action any Protected Material. A Party that seeks to file under
27 seal any Protected Material must comply with General Rule 141. Protected Material may only
28

1:09 CV 00430 –AWI (GSA) STIPULATED PROTECTIVE ORDER                                          11
**Error! Unknown document property name.**

1  be filed under seal pursuant to a written court order, made upon the showing required by
2  applicable law, authorizing the sealing of the specific Protected Material at issue.
3  14.    FINAL DISPOSITION
4      Within 60 days after the final disposition of this action, as defined in paragraph 4, each
5  Receiving Party must return all Protected Material to the Producing Party or destroy such
6  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,
7  compilations, summaries, and any other format reproducing or capturing any of the Protected
8  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
9  submit a written certification to the Producing Party (and, if not the same person or entity, to the
10 Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all
11 the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party
12 has not retained any copies, abstracts, compilations, summaries or any other format reproducing
13 or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled
14 to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
15 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,
16 attorney work product, and consultant and expert work product, even if such materials contain
17 Protected Material. Any such archival copies that contain or constitute Protected Material
18 remain subject to this Protective Order as set forth in Section 4 (DURATION).
19 ///
20 ///
21 ///

**Error! Unknown document property name.**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 26, 2013        Respectfully submitted,

**BERMAN DeVALERIO**

By:   */s/ Anthony D. Phillips*
         Anthony D. Phillips

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
One California Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermandevalerio.com
         cheffelfinger@bermandevalerio.com
         aphillips@bermandevalerio.com

Benjamin D. Brown (SBN 202545)
Daniel A. Small
Victoria S. Nugent
**COHEN MILSTEIN SELLERS**
   **& TOLL, PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: bbrown@cohenmilstein.com
         dsmall@cohenmilstein.com
         vnugent@cohenmilstein.com

George F. Farah
**COHEN MILSTEIN SELLERS**
   **& TOLL, PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: gfarah@cohenmilstein.com

Lynn L. Sarko
Mark A. Griffin
Juli E. Farris
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone: (206)-623-1900
Facsimile:  (206)-623-3384
Email: lsarko@kellerrohrback.com
         mgriffin@kellerrohrback.com

**Error! Unknown document property name.**

|    |                              |                                                                 |
|----|------------------------------|-----------------------------------------------------------------|
| 1  |                              | jfarris@kellerrohrback.com                                      |
| 2  |                              | Ron Kilgard<br>**KELLER ROHRBACK P.L.C.**                       |
| 3  |                              | 3101 North Central Avenue, Suite 1400<br>Phoenix, AZ  85012     |
| 4  |                              | Telephone: (602)-248-0088<br>Facsimile:  (602)-248-2822         |
| 5  |                              | Email: rkilgard@kellerrohrback.com                              |
| 6  |                              | *Counsel for Plaintiffs and the Proposed Class*                 |

Dated:  April 26, 2013                **DAVIS WRIGHT TREMAINE LLP**

By:   */s/ Allison A. Davis* (as authorized on 4/26/13)
            Allison A. Davis

Sanjay M. Nangia
505 Montgomery Street,
Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: allisondavis@dwt.com
            sanjaynangia@dwt.com

Charles M. English, Jr.
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, N.S., Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4272
Facsimile: (202) 973-4499
Email: chipEnglish@dwt.com

Christopher D. Bell
**BAKER MANOCK & JENSEN, PC**
5260 North Palm Avenue,
Fourth Floor
Fresno, CA 93704
Telephone: (559) 432-5400
Facsimile: (549) 432-5620
Email: cbell@bakermanock.com

*Counsel for Defendant DairyAmerica, Inc.*

Dated:  April 26, 2013         **HANSON BRIDGETT LLP**

By:   */s/ Lawrence M. Cirelli* (as authorized on 4/26/13)
              Lawrence M. Cirelli

John J. Vlahos
425 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email: lcirelli@hansonbridgett.com
         jvlahos@hansonbridgett.com

*Counsel for Defendant California Dairies, Inc.*

## ORDER

Upon a review of the stipulation outlined above, the Court adopts the protective order.

IT IS SO ORDERED.

Dated:   **April 30, 2013**                        **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE