Joseph J. Tabacco, Jr.  (SBN 75484)
Christopher T. Heffelfinger  (SBN 118058)
Anthony D. Phillips (SBN 259688)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA  94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

*Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and BRYAN WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC. and CALIFORNIA DAIRIES, INC.,<br><br>Defendants. | No. 1:09-cv-00430-AWI (GSA)<br><br>**STIPULATION AND ORDER FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

The parties to this action agree to the following protocol for the production of documents and electronically stored information ("ESI"):

## I. SCOPE AND APPLICATION

This Stipulation and [Proposed] Order For Production of Electronically Stored Information (the "Protocol") is intended to fulfill the parties' obligations with respect to Federal Rules of Civil Procedure, rule 26(f)(3)(C) that requires the parties to meet and confer with respect to "any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." This Protocol shall supersede any instructions in existing or future discovery requests, save for written stipulations by the parties. To the extent that instructions in existing or future discovery requests conflict with this Protocol, the Protocol shall govern.

## II. SEARCH TERMS

The parties shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from relevant custodians. The parties will work together to select appropriate custodians. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further search restrictions (*e.g.*, if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.

## III. PRODUCTION FORMAT

The parties agree to make all reasonable efforts to ensure that documents produced in this litigation are formatted as follows:

    A.    Documents gathered from electronic data should be provided in the following format:

        1.    TIFF (Tagged Image File Format): Single-page, 300 DPI, CCITT Group 4, fax encoding, gray scale TIFFs should be provided for all documents (except Microsoft Excel files) and include JPGs for color images.

2. Unique IDs:  Each image or file should have a unique file name, which is the Bates Number of the document.  Bates Numbers shall be unique IDs with a prefix that can be readily attributed to the producing party.  Bates Numbering should be sequential.  If a Bates Number or set of Bates Numbers is skipped in a production, the producing party will so note.

3. Database Load Files/Cross-Reference Files:  Documents produced shall be provided to Plaintiffs with:  (a) Concordance delimited load file(s) and (b) Opticon delimited cross-reference file(s).  For Defendants, documents shall be produced according to this ESI Protocol with three folders:  (a) image folder for TIFFs; (b) Opticon load files for viewing; (c) text folder for extracted text and (d) if necessary, folder for natives.  Agreed upon metadata fields shall be produced in a .DAT load file.  Every TIFF in each production must be referenced in the production's corresponding load file.  The total number of images referenced in a production's load file should match the total number of TIFF files in the production.

4. Parent-Child Relationships.  Parent-child relationships (*e.g.*, the association between an e-mail and the attachments) should be preserved.  The parties shall produce email attachments sequentially after the parent email.

5. Requests for hi-resolution or color documents:  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Protocol shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

6. Foreign language documents:  All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the

producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

7.   Text Files:  Documents originating in electronic form shall include extracted text in a "Text" Folder.  For each document, a text file should be provided along with the TIFF.  The text files will not contain the redacted portions of the documents

8.   Metadata Fields:  For documents produced to Plaintiffs, the metadata listed in Exhibit A shall be produced, provided it exists, in a .DAT Load File accompanying each document production.  For documents produced to Defendants, the metadata listed in Exhibit B shall be produced, provided it exists, in a .DAT Load File accompanying each document production.  Metadata pertaining to time/date shall reflect the time zone in which the document was created, or reflect an offset to Greenwich Meantime to indicate the local time zone.

9.   No party is required to create metadata for documents that do not contain metadata in the original.

10.   De-duplication:  The producing party may de-duplicate documents or files within a custodian's ESI.

11.   Native Format:  The producing party shall produce Microsoft Excel files in native format only.  If these files are password protected, the password should be listed in a "Password" or similar field in the .DAT file.  For documents in all other formats, the producing party is not required to produce ESI in native format without prejudice to the requesting party's right to request the production of individual documents in native format upon a showing of good cause.  The requesting party must make written request to the producing party for the production of individual documents in native format. The written request shall indentify the individual documents by Bates number with an explanation of good cause as to each individual document.  A party receiving a written request for production of a document in native format shall have fourteen (14) days after the request to object.  If the producing party makes such an objection, the requesting party must meet and confer with the producing party to try to resolve the matter by agreement.  If no agreement is reached, the requesting party may file a motion seeking an order requiring the producing party to produce the requested documents in native format.

The requesting party shall be solely responsible for obtaining any software or hardware required to review electronic documents produced in discovery, including in native format.  The foregoing is without prejudice to the parties' rights to produce audio and video files in the format in which the files are maintained in the ordinary course of business.

Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

12.     Databases:  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

B.      Documents gathered from hard-copy documents should be provided in the format described in Sections III.A.1 – 6 and should also be formatted as follows:

1.      OCR Text Files:  Documents originating in paper (or any document without extracted text), shall be converted to single page TIFFs and include multi-page OCR and placed in an "OCR" folder.  Documents that contain redactions shall have OCR for the content that remains after the redactions are applied to the TIFF. The text files will not contain the redacted portions of the documents.

2.      Unitizing of Documents.  In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized).  The parties will make their best efforts to have their vendors logically unitize documents correctly and will commit to address situations where there are improperly unitized documents.

3.      Objective Coding Fields.  The following objective coding fields should be provided to the extent available or practicable: (a) beginning Bates number; (b) ending Bates number;

(c) beginning attachment Bates number; (d) ending attachment Bates number; (e) number of pages; (f) custodian; and (g) confidentiality designation.

## IV. PRODUCTION MEDIA AND ENCRYPTION OF PRODUCTIONS

Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, or external hard drives, as appropriate. Where encryption is used, the producing party shall identify the encryption software and shall forward the password to decrypt the production data separately from the CD, DVD, or external drive on which the production data is saved.

## V. NON-PARTY PRODUCTIONS

A. Unless otherwise agreed among the parties, the party that issues a non-party subpoena (the "Subpoenaing Party") will be responsible for: (1) taking reasonable steps to negotiate that the non-party's productions are processed in accordance with the specifications in this Order; (2) if necessary, engaging a vendor to process the non-party production in accordance with the specifications in this Order; and (3) distributing non-party productions within twenty-one (21) days of receiving the production (or as soon as practicable) to all parties' counsel. In any case, the Subpoenaing Party shall also notify all parties that it has received a non-compliant production as soon as received and provide the non-issuing parties an opportunity to receive the production as is.

B. If a non-party production is not Bates Numbered, the Subpoenaing Party will provide unique prefixes and Bates Numbers to the service provider and will notify all parties of the prefix, Bates range, and production.

C. After receipt of a non-party production, the Subpoenaing Party shall undertake reasonable efforts to comply with the provisions of subsections (A) and (B), above.

## VI. MISCELLANEOUS

A. Additional Parties. Any party named, served, and appearing in this action after the date of this Protocol shall be bound by its terms, effective once the Protocol has been served upon such party, unless the Court orders otherwise on good cause shown. Any party who causes another party to be added to this action after the entry of this Protocol shall serve that new party with a copy of this Protocol and any subsequent amendments to it at the time it serves its pleading and summons.

1        B.      Costs.  Nothing in this Protocol shall affect applicable law regarding a producing party's
2 ability to shift costs of discovery in whole or in part to the requesting party, or otherwise affect any
3 party's right to petition the Court for an order apportioning some or all of the costs of discovery.
4        C.      Further Amendment.  Except as otherwise provided in this Protocol, its terms may be
5 amended only by written stipulation of the parties or by order of the Court, on noticed motion, for good
6 cause shown.
7        D.      Objections Preserved:  This Protocol does not address, limit, or determine the relevance,
8 discoverability, or admission into evidence of any documents.  Nor do the parties waive any objections
9 as to the production, discoverability, or confidentiality of documents subject to this Protocol.  The
10 Court has entered a separate protective order governing such productions in this matter.  *See* ECF No.
11 129 (Stipulated Protective Order).

DATED:  May 31, 2013            Respectfully submitted,

**BERMAN DeVALERIO**

By:     */s/ Anthony D. Phillips*
            Anthony D. Phillips

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
One California Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermandevalerio.com
           cheffelfinger@bermandevalerio.com
           aphillips@bermandevalerio.com

Benjamin D. Brown (SBN 202545)
Daniel A. Small
Victoria S. Nugent
**COHEN MILSTEIN SELLERS
   & TOLL, PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: bbrown@cohenmilstein.com
           dsmall@cohenmilstein.com
           vnugent@cohenmilstein.com

George F. Farah
**COHEN MILSTEIN SELLERS**
   **& TOLL, PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: gfarah@cohenmilstein.com

Lynn L. Sarko
Mark A. Griffin
Juli E. Farris
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone: (206)-623-1900
Facsimile:  (206)-623-3384
Email: lsarko@kellerrohrback.com
       mgriffin@kellerrohrback.com
       jfarris@kellerrohrback.com

Ron Kilgard
**KELLER ROHRBACK P.L.C.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ  85012
Telephone: (602)-248-0088
Facsimile:  (602)-248-2822
Email: rkilgard@kellerrohrback.com

*Counsel for Plaintiffs and the Proposed Class*

Dated:  May 31, 2013         **DAVIS WRIGHT TREMAINE LLP**

By:    */s/ Allison A. Davis* (as authorized on 5/30/13)
        Allison A. Davis

Sanjay M. Nangia
505 Montgomery Street,
Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: allisondavis@dwt.com
       sanjaynangia@dwt.com

Charles M. English, Jr.
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, N.S., Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4272
Facsimile: (202) 973-4499
Email: chipenglish@dwt.com

7

Charles K. Manock
**BAKER MANOCK & JENSEN, PC**
5260 North Palm Avenue,
Fourth Floor
Fresno, CA 93704
Telephone: (559) 432-5400
Facsimile: (549) 432-5620
Email: cbell@bakermanock.com

*Counsel for Defendant DairyAmerica, Inc.*

Dated:  May 31, 2013            **HANSON BRIDGETT LLP**


By:     */s/ Lawrence M. Cirelli* (as authorized on 5/31/13)
         Lawrence M. Cirelli

John J. Vlahos
425 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email: lcirelli@hansonbridgett.com
        jvlahos@hansonbridgett.com

*Counsel for Defendant California Dairies, Inc.*



**ORDER**

Upon a review of the parties' agreements outlined above, the Court adopts the stipulation.

IT IS SO ORDERED.

Dated:   **June 3, 2013**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE