**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br>                              Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS AND FILE REDACTED VERSION OR BRIEFING WITHOUT PREJUDICE**<br><br>**(Doc. 276)** |

On April 14, 2016, Plaintiff filed a Notice of Request to Seal Documents including a Request to File a Redacted Version of Plaintiffs' Memorandum in Support of a Motion to Compel (attached as Exhibit A to the Joint Statement Regarding Discovery Disagreement ("Joint Statement")), and Exhibits 1-7 which are attached to the Memorandum.

A review of the request reveals that the parties need to further meet and confer and determine what documents and information in the briefing requires redaction and/or sealing. For example, Plaintiffs request that large portions of their Memorandum (Exhibit A to the Joint Statement) be redacted pursuant to a protective order signed by the parties. However, a review of Defendants' Memorandum, (attached as Exhibit B to the Joint Statement), reveals that similar information in their

briefing is not redacted, and no request has been made to do so.  Moreover, similar documents that Plaintiffs have requested be sealed in Exhibits 1-7, attached to their Memorandum, are also attached to Defendants' Memorandum at Exhibits A-D, and no request to seal these documents have been made by the Defendants.

The Court notes that the good cause standard of Rule 26(c) applies to the sealing of documents attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006).  The Court's initial review of Plaintiff's request to file a redacted version of the Memorandum does not appear to meet the good cause standard.

Accordingly, Plaintiffs' Request to Seal Documents is denied without prejudice.  The parties shall meet and confer and determine what, if any documents needs redaction and sealing, and file the appropriate notice pursuant to Local Rule 141 no later than **April 29, 2016**. Only documents that are part of a sealing request shall be sent to the chambers mailbox. Any document that does not require sealing must be filed on the docket in order to be considered by the Court.

Relatedly, the Plaintiffs have emailed the Notice of the Motion to Compel to chambers. Counsel are directed to Local Rule 251, particularly section (a), which outlines the proper procedures to be followed to notice and properly file a discovery motion.  The Court realizes that some of the materials e-mailed to chambers were done so as part of the request to seal.  However, some of the materials (i.e., the notice of motion) do not contain sensitive information should have been filed on the docket.

///
///
///
///
///
///
///
///

1

The parties shall work together to ensure this motion is properly noticed and correctly filed so that the hearing can proceed without delay.  Failure to follow Local Rule 251 may result in a delay in hearing this motion. Currently, no motion to compel has been placed on this Court's calendar because the motion has not been properly noticed on the Court's docket.

IT IS SO ORDERED.

Dated:  **April 21, 2016**            /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

2