# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　　　Plaintiffs,<br>v.<br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br>　　　　　　　　　　　　Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REIMBURSEMENT OF COSTS RELATED TO THE OCTOBER 3RD SETTLEMENT CONFERENCE**<br><br>**(Doc. 363)** |

This Court held a settlement conference among all parties on October 3, 2016. Following certain statements made during the settlement conference, as discussed below, the conference was concluded and the Court gave Plaintiffs and Defendant Dairy America, Inc. leave of the Court to seek costs they incurred to prepare for and attend the settlement conference. Plaintiffs filed a motion on October 11, 2016 seeking reimbursement of fees and costs associated with their attendance at the settlement conference. (ECF No. 363). Defendant California Dairies, Inc. filed an opposition on November 4, 2016 (ECF No. 365), and Plaintiffs filed a reply on November 10, 2016 (ECF No. 367). The Court issued an order to show cause for the date of the hearing, set for November 18, 2016. (ECF No. 364). The Court heard argument on November 18, 2016 and took the matter under submission. The Court rules as follows.

## A. LEGAL STANDARDS

Rule 16 of the Federal Rules of Civil Procedure authorizes the Court to order appearance at pretrial conferences for purposes including "facilitating settlement." Fed. R. Civ. P. 16(a). Rule 16(f) authorizes sanctions "if a party of its attorney . . . is substantially unprepared to participate—or does not participate in good faith—in the conference." Fed. R. Civ. P. 16(f)(1). Additionally, that rule states that "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees— incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances makes an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Rule 16(f)'s authority to issue sanctions for failure to be substantially prepared for a pretrial conference, and to participate in good faith, applies to settlement conferences. See Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming district court sanction under Rule 16(f) for failure to appear at a settlement conference); Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (affirming sanctions under Rule 16 for nonappearance at a settlement conference).

Courts have imposed sanctions for failing to participate in a settlement conference in good faith where the parties knew in advance that they would not settle but failed to inform the Court of such a position prior to the conference. See, e.g., Hansen v. State Farm Mut. Auto. Co., No. 2:10-CV-001434-MMD, 2013 WL 1385639, at *3–4 (D. Nev. Apr. 3, 2013) ("The Court finds that Mr. Bowen did not attend the conference in good faith because he was aware prior to the conference that settlement was impossible and made no effort to inform the Court or the Defendants prior to the conference. The Court finds that Mr. Bowen shall be sanctioned personally in the amount of the reasonable costs and fees incurred by the Defendant as a result of the March 6, 2013, settlement conference."); Travelers Property Cas. Co. of America v. Las Vegas Tp. Constables Office, 2013 WL 3975664, at *7–9, on reconsideration in part 2013 WL 4649903 (D. Nev., Aug. 29, 2013) ("If *before* coming to the settlement conference, counsel or

defendant Constable Bonaventura (1) believed that the undersigned lacked the "authority" to conduct the settlement conference, or (2) made the determination not to settle the matter, and still came to the settlement conference without informing the court or the other parties of this belief or determination, a violation of Rule 16(f)(1) occurred."); <u>Francis v. Women's Obstetrics & Gynecology Grp., P.C.</u>, 144 F.R.D. 646, 649 (W.D.N.Y. 1992) (Sanctions imposed on medical malpractice defendant's attorney for failing to comply in good faith with bankruptcy court order requiring attorney to attend settlement conference, where attorney demonstrated his lack of good faith by failing to confirm coverage and obtain authority from insurance carrier and by failing to advise plaintiff until conference of coverage problems.).

### B. FACTS AND POSITIONS OF THE PARTIES

All parties agreed to participate in a settlement conference during a status hearing over three months earlier, on June 24, 2016.  (ECF No. 319).  In preparation for the settlement conference, the Court ordered, based on input from the parties, certain limited discovery to take place to facilitate the settlement.  Weeks in advance of the conference, the Court received and reviewed confidential settlement statements, which combined were more than one hundred pages.  Also at the request of the parties, the Court participated in pre-conference telephonic conferences with the parties—one with Plaintiffs and one with defendants.  (ECF No. 355, 356). Combined, these telephonic conferences lasted over three hours.

The Court held the settlement conference on October 3, 2016.  The conference began with an extended joint session among all parties, to discuss issues affecting all parties, and then divided into individual sessions.  During an individual session with Defendant California Dairies and its representatives, David A. Tartaglio, counsel for RSUI Indemnity Company ("RSUI"), which is one of the liability insurers for California Dairies, Inc., made the following statement:[1]

> Let me point out the elephant in the room.  There's no way we are settling today. We just answered the complaint.  All we've heard is there is no liability.  I don't know who set this or why it was set now, but we are not in a position to settle. Maybe we should discuss process going forward.

---

[1] The statement was not made on the record. This reflects the Court's best memory, which the Court wrote down near the time of the event and also confirmed on the record at the November 18, 2016 hearing on the motion.

2

The Court concluded the conference shortly thereafter, explaining that it appeared based on that statement, that Defendants were not prepared to enter into settlement negotiations that day. At the time, an attorney for California Dairies noted that the statement was made by its liability insurer, but did not otherwise object to closing the conference or indicate that California Dairies disagreed with Mr. Tartaglio's description of its willingness to settle that day.

California Dairies' opposition primarily argues that the statement was not technically made by an attorney or employee of California Dairies, but rather by an attorney for California Dairies' liability insurer. California Dairies also argues that it appeared at the conference with sufficient representatives with authority to settle the case. It also argues that the parties are scheduling a private mediation.

In its opposition, California Dairies does not directly address whether Mr. Tartaglio's description was accurate, but does explain that the case in its relative infancy as to California Dairies and is complex. California Dairies describes how it attended the settlement conference "prepared to engage in a meaningful dialogue about the complex facts and law relevant to the case." California Dairies explains its participation in the conference as follows:

> During the settlement conference, California Dairies actively participated in good faith in detailed discussions about the case. California Dairies responded candidly and openly to questions by the Court during the joint session at the beginning of the conference and during the subsequent separate sessions. There was no indication that California Dairies was "substantially unprepared" to participate in the settlement conference. To the contrary, California Dairies was prepared to participate in the settlement conference, as demonstrated by the attendance and participation of one of its Senior Vice Presidents, two of its board members, and its counsel, plus its pre-settlement conference preparation including taking the deposition of Mr. White, submitting its settlement conference statement, and participating in the pre-settlement conference. Further, at no time did California Dairies suggest that the settlement conference should be terminated.

### C. ANALYSIS

The Court appreciates that "participation in good faith" in a settlement conference with a case of this complexity is not always clear. Parties certainly have the right not to settle on terms proposed by other parties. Indeed, it is very common for parties to fail to settle a case due to the

3

divergent viewpoints about the merits of a case at a settlement conference, and the failure to settle a case does not, in itself, amount to bad faith.

However, Mr. Tartaglio's statements, if a true description of California Dairies' position, would amount to bad faith participation in the settlement conference.  No terms of any kind had been discussed at the time he declared that there no settlement that day.  He also questioned the scheduling of the conference, arguing that it was premature.  Instead, he offered only to discuss "process."

It is this Court's view that good faith attendance at a settlement conference includes an adequate assessment of the case to evaluate terms for settlement, as well as a willingness to offer some terms that the party finds reasonable.  This is especially true in the context of this settlement conference where the Court, at the request of the parties, reviewed three quite lengthy substantive settlement conference statements and participated in multiple hours of telephonic conferences with the parties in advance on the settlement conference.  Such review in advance of the conference confirms that the conference was not intended merely to "discuss process," but rather to enter into substantive settlement negotiations.  Indeed, none of the confidential conference statements nor the telephonic conferences addressed the issue of "process" or suggested that a settlement conference was premature.  If the Court had been aware of such a position in advance of the conference, it would not have engaged in such preparation and would have cancelled or postponed the conference.  Nor is California Dairies' written explanation of how it brought multiple people with authority to settle and remained willing to discuss the issues demonstrate good faith participation.  Bringing representatives to discuss issues does not amount to good faith settlement discussions if the parties are unprepared or unwilling to enter into any settlement agreement as a result of those discussions.

That said, counsel for California Dairies went further in describing its good faith during oral argument in response to the order to show cause.  Notably, Mr. Tartaglio was not present at the hearing on the sanctions motion and order to show cause and thus could not provide any explanation of his statement.  However, counsel for California Dairies stated clearly that

California Dairies was (1) ready to propose terms of settlement during the October 3 settlement conference notwithstanding Mr. Tartaglio's statement to the contrary, and (2) was willing to settle the case without the authorization from its insurer RSUI. The parties have also now scheduled a private meditation for December 20, 2016. California Dairies assured the Court that it was now ready and willing to participate in such mediation, and that the efforts toward the earlier settlement conference had not been in vain. California Dairies also represented that it had engaged in substantive discussions with all liability insurers in preparation for settlement discussions so that all representatives would be prepared to enter into substantive settlement negotiations.

The Court has its own suspicions regarding California Dairies' position on the day of the settlement conference, and it may be that Mr. Tartaglio was accurately describing the "elephant in the room" that day. However, in light of California Dairies' representations regarding its intentions and willingness to propose terms without authorization from RSUI, this Court will not issue sanctions. The Court trusts that all parties will participate in meaningful good faith settlement negotiations on December 20, 2016, and that any failure to settle during that conference (or further dates to the extent the settlement conference extends over multiple sessions) will reflect a true lack of meeting of the minds regarding terms, and not a belief that settlement discussions are premature or that any representatives have been ill-informed.

### D. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reimbursement of Costs Related to the October 3rd Settlement Conference is DENIED.

IT IS SO ORDERED.

Dated:   **November 23, 2016**               /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

5