UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br><br>         Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PROPOSED ORDER GOVERNING DISCOVERY ISSUES**<br><br>**(Doc. 368)** |

On November 14, 2016, the parties submitted a "Stipulation Governing Discovery Issues and [Proposed] Order," (ECF No. 368) purporting to stipulate to a stay of discovery and modification of the Fifth Scheduling Order (ECF No. 348). The parties explained that Plaintiffs have disclosed to Defendants their intent to file a motion for leave to amend the complaint to account for newly discovered evidence. Additionally, the parties have agreed to engage in good faith settlement negotiations. Accordingly, the parties proposed that all deposition discovery be stayed until an answer to the Fourth Amended Complaint or order denying leave to file a Fourth Amended Complaint, with limited exceptions of five individuals. The parties disagree regarding the scope of written discovery during the proposed stay.

During a hearing on November 18, 2016, the parties further clarified that they have a private mediation set for December 20, 2016.

The Court declines to adopt the terms of the stay to the full extent proposed by the parties. This case is more than seven years old. There is no trial date set. The class has not yet gone through a certification hearing. Suffice to say at this point, this case needs to proceed efficiently and further delays must be supported by good cause.

The Court agrees to a limited stay to facilitate settlement. Accordingly, the Court imposes a full stay of discovery until after the December 20, 2016 conference with one exception. All parties shall provide documents and information regarding the scope and amount of insurance coverage, to the extent not already disclosed, prior to December 20, 2016 in order to facilitate settlement. The parties may also exchange any discovery on a voluntary basis.

Following December 20, 2016, to the extent the case does not settle, written and document discovery should proceed in earnest notwithstanding filing of an amended complaint and briefing regarding that amended complaint. Although the scope of discovery may require expansion in light additional claims or parties in that complaint, the complaint has now gone through several iterations and significant claims have now been upheld by the Court, including with direction from the Ninth Circuit. Document and written discovery regarding claims and parties already upheld by the Court should proceed on those claims and parties, ***without limitation as to class or merits discovery***. To the extent that a party challenges discovery as being unduly burdensome or not relevant due to significant expected challenges to the scope of class discovery, this Court will hear any such objections on a case by case basis, consistent with its standard discovery procedures.

The Court also does not agree to an open period for such discovery without any time restrictions. The Court fears that discovery will not proceed expeditiously without a deadline. Accordingly, the Court will set a ***deadline of June 30, 2017 to complete production of all documents and respond to all written discovery regarding claims and parties upheld in the Third Amended Complaint***. The parties are directed to bring to the Court's attention any disputes regarding discovery in order to obtain any necessary orders on motions to compel prior to this deadline.

1

The Court agrees to hold deposition discovery in abeyance until the amended complaint is resolved, with the exception of Lani Ellingsworth, Candice Bimemiller, and three depositions of current or former California Dairy employees, per agreement among the parties. The parties should expect to move forward expeditiously after such time.

Accordingly, the Fifth Scheduling Order, ECF no. 348, is modified as follows:

All discovery is stayed until December 20, 2016, except regarding insurance coverage as described in this order, or as voluntarily exchanged among the parties.

All document and written discovery regarding all claims and parties upheld in the Third Amended Complaint, without limitation, shall proceed following December 20, 2016 to be completed by June 30, 2017.

The depositions of Lani Ellingsworth, Candice Bimemiller, and three depositions of current or former California Dairies employees shall proceed per agreement by the parties, but no later than June 30, 2017.

Within fourteen days of either an answer to the Fourth Amended Complaint or an order denying leave to file a Fourth Amended complaint, the parties shall submit to the Court a status report and proposed amended scheduling order for additional dates.

IT IS SO ORDERED.

Dated: __**December 2, 2016**__          /s/ *Erica P. Grosjean*
                                                     UNITED STATES MAGISTRATE JUDGE

2