UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br><br>Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>ORDER DENYING REQUEST TO SEAL DOCUMENTS<br><br>(Doc. 444) |

This matter comes before the Court on Defendant DairyAmerica, Inc.'s ("DairyAmerica") Request to Seal Exhibits A, C, E, and H to the Joint Statement Regarding Parties' Discovery Disputes and File Redacted Versions (the "Request") pursuant to Local Rules 140 and 141. Having considered the Request, papers submitted in support and opposition, and good cause appearing, the Request is DENIED.

"Documents may be sealed only by written order of the Court, upon the showing required by applicable law." CAED-LR 141. "In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public." *Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("The purpose of the federal discovery rules, as pointed out in *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451, is to force a full disclosure.") "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)

(quoting *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir.2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.")).

A party requesting to seal documents related to a dispositive motion, such as a motion for summary judgment, must demonstrate "compelling reasons" to overcome the presumption of public access. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1136 (9th Cir. 2003) (explaining once the documents are made part of a dispositive motion, they lose the protected status enjoyed in discovery "without some overriding interests in favor of keeping the discovery documents under seal"). However, the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002)). The Court requires a "particularized showing" under the "good cause" standard of Rule 26(c) to seal discovery material attached to non-dispositive motions. *Id*. at 1180 (citing *Foltz*, 331 F.3d at 1135, 1138).

Here, the parties were granted leave to file briefing on pending discovery disputes. The Court did not contemplate that any portion of the motions to compel or the responses thereto were to be filed under seal. The only reason by given by DairyAmerica to seal their briefs and exhibits --- that the documents may contain or reference information designated by the parties or third parties as "Confidential" --- is too vague to overcome the presumption of public disclosure. The Court is especially skeptical in light of the fact that Plaintiffs briefed their motion for sanctions and responses to DairyAmerica's discovery disputes without requesting leave to seal or redact documents. Additionally, the Court discussed all pending discovery disputes at length on the public record at the July 26, 2017 hearing, and DairyAmerica did not make a request to seal any portion of the record.

Accordingly, DairyAmerica's has not made a particularized showing that good cause exists to seal the requested documents. The request is DENIED without prejudice.

Within 5 days of this order, DairyAmerica shall file either: 1) unredacted copies of its briefs and oppositions referenced in the request to seal; or 2) an amended request to seal with particularized showing consistent with the legal standards and public record already developed regarding these issues.

IT IS SO ORDERED.

Dated: **August 9, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE