# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br><br>Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CALIFORNIA DAIRIES, INC.'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO CONTENTION INTERROGATORIES IN CDI'S FIRST SET OF INTERROGATORIES**<br><br>**(Doc. 437, 441)** |

On July 29, 2017, Defendant California Dairies, Inc. ("CDI") filed a motion to compel Plaintiffs to Respond to Contention Interrogatories in CDI's First Set of Interrogatories. (ECF No. 441). Plaintiffs filed an opposition. (ECF No. 443-5). The Court heard oral argument on this issue, in connection with a hearing to address several discovery motions. (ECF No. 447, 451).

CDI's motion concerns fourteen interrogatories served on Plaintiffs asking for all facts supporting various contentions in Plaintiffs' complaint. For example, Interrogatory No. 1 asks for "each fact upon with YOU base YOUR allegations in Paragraphs 9, 27, and 105 of the COMPLAINT that ". . . California Dairies . . . conspired to fraudulently misreport NFDM prices to NASS."

Plaintiffs respond that discovery has partially been stayed in this case. Plaintiffs have not yet conducted a single deposition of a former or current employee of CDI, or of CDI itself. Furthermore, written discovery has been limited to claims already upheld against CDI and do not include additional claims asserted in Plaintiffs' Fourth Amended Complaint. Even the written discovery regarding current claims has not been resolved and is at issue in a motion to compel CDI to provide further responses. (ECF No. 443-6). The Court also notes that the Fourth Amended Complaint is 141 pages and contains significant factual allegations. (ECF No. 380).

The Federal Rules of Civil Procedure provide that "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

The Court finds that it would be premature to require Plaintiffs to set forth all facts in support of their claims at this stage in the case.

For the reasons discussed below and stated on the record, the Court orders Plaintiffs to respond to CDI's contention interrogatories set forth in CDI's First Set of Interrogatories no later than 90 days after the last deposition in this case.

IT IS SO ORDERED.

Dated: **August 22, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

1