# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br><br>Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>**ORDER DENYING DAIRYAMERICA, INC.'S MOTION TO COMPEL PLAINTIFFS' COMMUNICATIONS WITH WITNESSES AND THEIR COUNSEL**<br><br>**(Doc. 470)** |

### A. BACKGROUND

This case commenced on March 6, 2009 as a class action complaint against Defendants DairyAmercia, Inc. ("DairyAmerica") and California Dairies, Inc. ("California Dairies") by Plaintiffs Gerald Carlin, John Rahm, Paul Razwadowski and Diana Wolfe, individually and on behalf of themselves and all others similarly situations ("Plaintiffs"). (ECF No. 1). On July 19, 2017, the parties filed a joint statement regarding discovery disputes. (ECF No. 440). Dairy America has filed a motion to compel Plaintiffs to respond to written discovery. (ECF No. 470). Plaintiffs have filed an opposition response to the motion. (ECF No. 443-2). The Court held oral argument on July 26, 2017, (ECF No. 451), and took the matter under advisement.

DairyAmerica requested documents relating to Plaintiffs' draft declarations and communications with DairyAmerica's former employees: Doug White, Candice Bimemiller, and Lani Ellingsworth and counsel for these individuals. DairyAmerica also requested documents relating to Plaintiffs' communications with John Bunting, who is now deceased. Plaintiffs have withheld the documents on the basis that they are protected by the attorney work product doctrine.

Plaintiffs argue that the draft affidavits and related correspondence between these former employee witnesses and Plaintiff's counsel "are squarely protected as attorney work product, and [that] there is no applicable exception warranting [the] production of these materials." Plaintiffs state in their opposition motion that "DairyAmerica has already deposed one of the three key witnesses and will have the opportunity to depose the other two witnesses" pending this motion to amend the complaint, and therefore will have "the opportunity to obtain the substantial equivalent of the information it seeks by other means." At oral argument, Plaintiffs further assert there to be only four types of communication at issue: 1) communications with and between witness Ms. Lani Elligsworth;  2) communications with and between witness Ms. Candice Bimemiller; both and all of which were exclusively communicated in anticipation for litigation and for securing their declarations for trial; 3) four email communications with Ms. Ellingsworth's lawyer, one of which was a "follow-up question about the testimony of the witness," and 4) five email communications with Ms. Bimemiller's lawyer, both and all of which is claimed as attorney "impressions, analyses, and thoughts on the case," and constitute classic opinion work product.  (ECF No. 451, p. 29).

**B.  LEGAL STANDARD**

In general, Fed. R. Civ. P. 26(b)(1) recognizes that "nonprivileged matter…relevant to any party's claim or defense and proportional to the needs of the case" may be obtained through discovery upon consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery  in resolving the issues, and whether the burden or expense of proposed discovery outweighs it likely benefit." Fed. R. Civ. P. 26(b)(1).  However, Fed. R. Civ.

P. 26(b)(3) provides exception to this provision for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, including the other party's attorney, consultant, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b)(3). Announced in Hickman v. Taylor, 329 U.S. 495, 509-510, 67 S. Ct. 385, 91 L. Ed. 451 (1947) and codified in Rule 26(b)(3), this exception is known as the work product doctrine. The Supreme Court addressed this issue in United States v. Nobles, 422 U.S. 225, 238-239, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975) stating that:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. . . [A]ttorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

Id. at 238-239. The work product doctrine applies not only to documents prepared by an attorney, but to documents created by investigators or agents working for attorneys in anticipation of litigation. Id. at 238-239. The Court goes on to say that the work product doctrine has uniformly been viewed solely as a limitation on pretrial discovery and not as a qualified evidentiary privilege by Congress, the cases, and the commentators. Id. at 246. As such, the Court holds that" the privilege derived from the work-product doctrine is not absolute…[and] like other qualified privileges, it may be waived." Id. at 239.

Rule 26(b)(3) distinguishes work product as one of two types: opinion and fact. Opinion work product has been offered greater protection against disclosure as core work product because it comprises material prepared in anticipation of litigation and includes the "…mental impression, conclusions, opinion, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Fact work product includes material prepared in anticipation of litigation, but does not include an attorney's, consultant's, or agent's mental impressions, conclusions, opinion, or legal theories. Fed. R. Civ. P. 26(b)(3). While opinion work product has the benefit of nearly absolute immunity from discovery, in that it requires a showing of "rare and exceptional circumstances" Fed. R. Civ. P. 26(b)(4)(D)(ii), fact

work opinion product enjoys only qualified immunity and is not discoverable unless the party seeking discovery demonstrates a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). See Upjohn Co. v. United States, 449 U.S. 401, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). When a court does order discovery of fact work product upon the required showing, it must also protect against the disclosure of opinion work product material. Id. 449 U.S. at 402. Fed. R. Civ. P. 26(b)(4)(D)(ii). See Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992) ("opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling"); Green v. Baca, 226 F.R.D. 624, 652 (C.D. Cal. 2005) ("Fact work product is discoverable only upon a showing of substantial need and an inability to secure a substantial equivalent by alternate means without undue hardship.") When a party withholds information otherwise discoverable by claiming that the information is protected by the work product doctrine, that party has the burden of establishing the documents' eligibility for protection. Fed.R.Civ.P. 26(b)(5)(A).

### C. ANALYSIS OF REQUESTS FOR PRODUCTION

#### 1. Fact Work Product

Request No. 2 in Defendants' Fourth Set of Requests for Productions seeks: "Documents relating to Plaintiffs' communications with DairyAmerica's former employees (Doug White, Candice Bimemiller, and Lani Ellingsworth) and counsel for these individuals." (ECF No. 470 pp. 1-2). Defendants claim that requested documents are not protected by work product, because "they are simply facts." (ECF 470 No. p.3). At oral argument, counsel stated:

> There's communications with an attorney representing a witness. How can that be interview correspondence? We see in the privilege log an example on page three of a log produced by Ms. Ellingsworth's attorney, communications containing legal analysis of employment rights. What does that have to do with either Plaintiffs' mental impressions or facts about this case? I mean, there's just nothing there, and then there's communications that are being withheld with Mr. White's attorney even before he was retained, and then there's communications after his deposition ends and when they are getting subpoenaed that are being withheld. And then we also have draft declarations from Mr. White, but then we don't have them for the other witnesses.

(ECF No. 451, p. 34).

Plaintiffs argue that DairyAmerica's claims fail because "applicable law makes clear that confidential communication with a fact witness in further[ance] of witness development constitutes work product," and "many of the communications at issue involve the mental impressions and analysis of Plaintiffs' counsel and thus constitute highly-protected work product." (ECF 443.2, p. 8).

In <u>Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz</u>. 881 F.2d 1486 (9th Cir. 1989), the U.S. Court of Appeals for the Ninth Circuit denied Plaintiff's motion to compel a draft declaration created by defendant's employee and defendant's counsel prior to litigation because it was prepared in anticipation of litigation, holding that it was protected work product. <u>Id.</u> at 1492. Here, as in <u>Admiral</u>, Plaintiffs' communications with witnesses Bimemiller and Elligsworth were done in preparation of their declarations in anticipation of litigation, and are protected by the work product doctrine. See <u>In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.</u>) 357 F.3d 900, 907 (9th Cir. 2004) (Documents were created by non-party at direction of attorney hired to defend against impending litigation and were thus work-product); <u>Friends of Hope Valley v. Frederick Co.</u>, 268 F.R.D. 643 (E.D. Cal. 2010) (Questionnaires prepared by nonprofit's counsel and administered to third-parties by board members of nonprofit were protected by work product doctrine); <u>In re Convergent Technologies Second Half 1984 Sec. Litigation</u>, 122 F.R.D. 555, 567 (N.D. Cal. 1988) (The fact that a statement taken from a non-party is purely factual, or is in the form of a verbatim transcription of her words, does not disqualify that statement from protection under the work product doctrine); <u>O'Connor v. Boeing N. Am.,</u> 216 F.R.D. 640, 643 (C.D. Cal. 2003) (Investigator's interview notes and testimony of third-party witnesses were protected work product).

The Court agrees with Plaintiffs and holds that all documents between Plaintiffs' counsel and witnesses Ms. Bimemiller and Ms. Elligsworth ***obtained in anticipation of litigation*** are protected under work product immunity because they were made in furtherance of anticipation of litigation. <u>Hickman</u>, 329 U.S. at 509-510; <u>Nobles</u>, 422 U.S. at 238-239; Fed. R. Civ. P. 26(b)(3).

\\\

\\\

## 2. Opinion Work Product

Plaintiffs claim that communications between Plaintiffs and witnesses' counsels, Mr. Dalmat and Mr. Goldberg, are opinion work product and entitled to additional protections as opinion work product because they contain mental impressions, strategies, conclusions, or legal impressions. Fed. R. Civ. P. 26(b)(3)(B). The Court agrees. See In re Grand Jury Proceedings., 867 F.2d 539, 541 (9th Cir. 1989) (Roe, Doe's attorney, had the right not to disclose *opinion work product* as distinguished from *fact work product* in connection with her representation of Doe. Court required Roe to testify concerning *fact work product*, but upheld her refusal to testify to *opinion work product* or *mental impressions* formulated in the course of her representation.); Pacific Fisheries, Inc. v. United States, 539 F.3d 1143, 1148 (9th Cir. 2008) (The work product doctrine "shields both opinion and factual work product from discovery.").

Plaintiffs state in their motion that a vast majority of the communications with lawyers have been produced for the defendants and that they withheld only those which contained counsel's mental impressions and strategies. (ECF No. 443-2). Hickman v. Taylor, 329 U.S. at 495. DairyAmerica must now make a showing of waiver or substantial need and undue hardship.

## 3. Showing of Substantial Need and Undue Hardship

The U.S. Supreme Court explained the "substantial need" exception to fact work product privilege in Hickman:

> "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.... And production might be justified where the witnesses are no longer available or can be reached only with difficulty." 329 U.S., at 511, 67 S.Ct., at 394. See. In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management), 357 F.3d 900, 906 (9th Cir. 2004). ("The work product doctrine…protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.")

Defendant claims to have substantial need for communications sought because: a) they have "no meaningful opportunity" to access and question witnesses as did plaintiffs; b) witnesses

may be less likely "…to recall their genuine impressions" due to the substantial passage of time; and c) plaintiffs have a superior advantage because they have "free control to use the communications at a later date (even as late as trial)". (ECF No. 470, p. 10). Defendant also claims that this motion will advance the search for truth regarding Plaintiffs' allegations of fraud on the part of current DairyAmerica employees Jean McAbee and Annette Smith, and that "in the interest of fairness" the court should compel Plaintiffs to produce documents. (ECF No. 470, p. 1).

Defendant cites to Waymo LLC v. Uber Techs., Inc., WL 2485382 at *13 (N.D. Cal. 2017) to support its substantial need claim. The judge in this case compelled production "of parts" of a privileged work report upon a finding of third-party waiver, which in and of itself does not establish substantial need. Id. at *14. Distinguishing Waymo from the present facts, the third parties in question here, Ms. Bimemiller and Ms. Elligsworth, did not waive their privilege (see discussion below). Therefore, waiver, in the instant case, would not establish DairyAmerica's substantial need. (Only witness Doug White, through counsel, waived his protection, and those documents have already been produced.) Defendant's evidence does not support a sufficient showing of substantial need for the communications requested. Fed.R.Civ.P. 26(b)(3).

DairyAmerica appears to want communications "for preparation only" of their case and has "shown no reason why [they] could not obtain everything [they] sought by doing [their] own work rather than utilizing that of [their] adversary." U.S. v. Nobles at 245. DairyAmerica have already deposed Mr. White and are free to depose Ms. Bimemiller and Ms. Elligsworth to obtain the information they seek. *"Petitioner has made more than an ordinary request for relevant, non-privileged facts in the possession of his adversaries or their counsel. He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired."* Id. at 508-509. See also Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d at 577. ("The primary purpose of the work product rule is to prevent exploitation of a party's efforts in preparing for litigation."); Castaneda v. Burger King Corp., 259 F.R.D. 194, 196 (N.D. Cal. 2009) ("The purpose of the work product doctrine is the

6

promotion of the adversary system by safeguarding the fruits of an attorney's trial preparations from the opponent"). DairyAmerica's evidence does not show a benefit of production that outweighs their burden and expense of seeking this material through alternative means. Fed. R. Civ. P. 26(b)(1).

   4. **Waiver**

Attorney work-product protection, unlike attorney-client privilege, is not automatically waived upon disclosure to third-parties. "The purpose of work product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials." California Sportfishing Protection Alliance v. Chico Scrap citing Wright, Miller, Kane & Marcus, 8 Fed. Prac. & Proc. Civ § 2024 (3rd ed.). As such, disclosure generally "does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information." See In re Imperial Corp. of Am., 167 F.R.D. 447, 456 (S.D. Cal. 1995), aff'd 92 F.3d 1503 (9th Cir.1996) (If a document otherwise protected by work-product immunity is disclosed to others with an actual intention, or reasonable probability, that an opposing party may see the document, the party who made the disclosure cannot subsequently claim work-product immunity;) Hatamian v. Advanced Micro Devices, Inc., WL 2606830 at *4 (N.D. Cal. 2016) (Defendants sought to compel plaintiffs to produce communications with confidential witnesses referenced in complaints. Court denied motion to compel holding that plaintiffs did not disclose confidential information in their opposition to the motion to strike, nor during depositions, therefore, did not waive privilege).

Citing Federal Rule of Evidence 502, DairyAmerica claims that Plaintiffs waived their right to immunity because former employees are third-party witnesses not party to the suit, and "[w]here a party selectively discloses privileged materials, the remainder of the material must be disclosed." (ECF No. 470, p. 7). There is nothing in the record that suggests that Plaintiffs' selectively waived certain materials, or that their dissemination substantially increased the opportunities for DairyAmerica to obtain the communications. Plaintiffs represented that withheld communications were to share "draft affidavits…and related correspondence with

| | |
|---|---|
| 1 | witnesses for whom these affidavits were prepared." (ECF No. 443-2, p. 11). Plaintiffs further |
| 2 | stated that "Mr. White's attorney…disclosed all the communications [and]…Once [they] found |
| 3 | that out…[they] waived all of this production…with Doug White [and]…gave them everything |
| 4 | after his lawyer disclosed it. With Ms. Ellingsworth and Ms. Bimemiller…[they] withheld all |
| 5 | work product, and with the lawyers, [they] produced hundreds of communications…because |
| 6 | they were not work product. [They] just withheld a handful that contain [their] mental |
| 7 | impressions. That's it." (ECF No. 451, pp. 44-45) |
| 8 | In their written motion, DairyAmerica further claims that Plaintiffs "have produced two |
| 9 | communications from Mr. White where he comments on draft declarations…yet they… withhold |
| 10 | Ms. Ellingsworth's comments to her draft declaration. [They claim that] Plaintiffs [are] |
| 11 | withhold[ing] two…communications with Mr. Goldberg …[and] apparently [have] produced all |
| 12 | communications with Mr. Goldberg [while making] no claims of work product. [They state that] |
| 13 | plaintiffs seek to withhold a communication with Ms. Ellingsworth's counsel…but do not do the |
| 14 | same with Mr. White." (ECF No. 470, pp. 7-8). In light of the discussion in the previous |
| 15 | paragraph, it is clear why Plaintiffs produced communication from Mr. White and failed to |
| 16 | produce communications from Ms. Elligsworth and Ms. Bimemiller. Plaintiffs' communications |
| 17 | with these third parties witnesses cannot be construed to have been conduits for Defendant; |
| 18 | plaintiffs did not waive their work product protection regarding Ms. Elligsworth and Ms. |
| 19 | Bimemiller. |
| 20 | Regarding communications with witnesses' counsels, the same logic follows. Plaintiffs |
| 21 | did not waive their opinion work product protection regarding Ms. Elligsworth's and Ms. |
| 22 | Bimemiller's lawyers because they were shared in a confidential manner that did not lead to their |
| 23 | disclosure to DairyAmerica. |
| 24 | Regarding deceased expert John Bunting, information is protected under Fed. R. Civ. P. |
| 25 | 26(b)(4). Although Mr. Bunting is deceased, the information sought concerns consulting |
| 26 | information rather than information from a percipient fact witness. Suffice to say that Mr. |
| 27 | Bunting cannot provide expert testimony now and information about this consulting opinions are |
| 28 | not relevant or subject to the substantial need exception. |

The Court assumes that DairyAmerica intended to correctly cite to Fed. R. Civ. P. 26(b)(**3**)(C) instead of Fed. R. Civ. P. 26(b)(2)(C) in making its independent claim that it "…has [the] right to its [own] previous statements…in the possession of …opposing party." This section allows "any party…on request and without the required showing, [to] obtain the person's own previous statement about the action or its subject matter." (ECF No. 470, p. 11). The statements in question of the former employees are not the statements of DairyAmerica, therefore, DairyAmerica has no right to them under this provision. Fed. R. Civ. P. 26(b)(3)(C). In re Convergent Technologies Second Half 1984 Sec. Litigation, 122 F.R.D. at 567 (N.D. Cal. Oct. 28, 1988) (Defendants or their agents are prohibited from reviewing, acquiring or using copies of adopted non-party witness statements taken by Plaintiff's counsel and who are former employees).

### D. CONCLUSIONS

The Court DENIES Defendant DairyAmerica's Motion to Compel (ECF No. 470).

IT IS SO ORDERED.

Dated: **September 6, 2017**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE