| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br>        Defendants | Case No. 1:09-cv-00430-AWI-EPG<br><br>ORDER DENYING DEFENDANT DAIRYAMERICA INC'S MOTION TO COMPEL THIRD PARTY PLAINTIFFS TO RESPOND TO WRITTEN DISCOVERY<br><br>(ECF No. 468) |

Defendant DairyAmerica, Inc. ("DairyAmerica") has filed a motion to compel "third-party" Plaintiffs to respond to discovery requests. (ECF No. 468). Plaintiffs Hayek, Rawlings, Rehberg, and Schugg have filed a response in opposition. (ECF No. 443-3). The Court held oral argument on July 26, 2017, (ECF No. 447, 451), and took the matter under advisement.

For the following reasons, the motion to compel (ECF No. 468) is DENIED.

**A. Case Background**

This case was initiated on March 6, 2009. (ECF No. 1). The Complaint was filed on behalf of Plaintiff class representatives Gerald Carlin, John Rahm, Paul Rozwadowski, and Bryan Wolfe against Defendants DairyAmerica, Inc., California Dairies, Inc. (*Id.*) On April 3, 2009, the same Plaintiffs filed an Amended Complaint naming the same Defendants. (ECF No. 8).

On March 25, 2009, Plaintiff class representative Ronald Hayek filed a class action complaint against Defendants DairyAmerica, Inc. and California Dairies, Inc. (Case No. 1:09cv0556-AWI-DLB). On March 26, 2009, Plaintiff class representative James Rehberg filed a class action complaint against Defendants DairyAmerica, Inc. and California Dairies, Inc. (Case No. 1:09cv0558-AWI-DLB). On April 3, 2009, Plaintiff class representatives Timothy L. Rawlings and Michael K. Schugg filed a class action complaint against Defendants DairyAmerica, Inc. and California Dairies, Inc. (Case No. 1:09cv0607-AWI-DLB).

On May 29, 2009, U.S. Magistrate Judge Dennis L. Beck entered an order consolidating this case with 1:09cv0556-AWI-DLB, 1:09cv0558-AWI-DLB and 1:09cv0607-AWI-DLB for all purposes, including trial. (ECF No. 44). This case was designated as the lead case, and the parties were instructed to file all documents in the lead case. (*Id*.)

On January 20, 2016, the Court granted leave for Plaintiffs to file a Third Amended Complaint.[1] (ECF No. 240). The Third Amended Complaint ("3AC") was filed on February 24, 2016 by individual and representative Plaintiffs Gerald Carlin, John Rahm, Paul Rozwadowski and H. Diana Wolfe, on behalf of themselves and all others similarly situated, against Defendants DairyAmerica, Inc. and California Dairies, Inc. (ECF No. 245).

Most recently, Plaintiffs were granted Plaintiffs' request for leave to file a "fourth amended consolidated class action complaint" on August 25, 2017. (ECF No. 475). The deadline to file the Fourth Amended Complaint is October 4, 2017. (ECF No. 494).

**B. Discovery Dispute Background**

In response to DairyAmerica's first set of discovery requests served in April 2014, Plaintiffs Hayek, Rawlings, Rehberg, and Schugg timely responded with substantive responses, produced documents and were deposed by Defendant DairyAmerica in June 2015. (Decl. of Sanjay M. Nangia, ECF No. 468-1).

In July 2015, DairyAmerica propounded its second set of discovery requests (the "Requests") upon all Plaintiffs, including Hayek, Rawlings, Rehberg, and Schugg. (three (3) requests for production, RFP Nos. 11-13, ECF No. 468-6; nine (9) interrogatories, ROG Nos. 12-20, ECF No. 468-7; six (6) requests for admission, RFA Nos. 1-6, ECF No. 468-8).

Plaintiffs Hayek, Rawlings, Rehberg, and Schugg formally responded to the Requests by objecting to them *inter alia* on confidentiality and relevance grounds. (ECF Nos. 468-10 (RFPs), 468-11 (ROGs), 468-12 (RFAs)). Additionally, these Plaintiffs objected to each Request as follows:

> Finally, Third Party Plaintiffs object to this [Request] as premature. The [Request] seeks [a response] from Third Party Plaintiffs, not class representatives, that are not

---

[1] Plaintiffs requested leave to file a Second Amended Consolidated Complaint. (ECF No. 156). However, leave was denied on March 19, 2015. (ECF No. 207). When leave to amend was granted on January 20, 2016, the Court instructed Plaintiffs to file the amended complaint as the "Third Amended Complaint." (ECF No. 240).

> relevant to class certification issues. At this stage, therefore, this [Request] is unduly burdensome. Subject to and without waiving the foregoing objections, Third Party Plaintiffs will respond, if necessary, after the Court rules on class certification.

(*Id.*)

The parties met and conferred regarding the discovery dispute. In an email dated May 7, 2017, counsel for Plaintiffs took the following position concerning responses to the Requests from Plaintiffs Hayek, Rawlings, Rehberg, and Schugg:

> The "Third Party Plaintiffs" are not class representatives. They are not named as such in the operative complaint. We are not going to agree that those former class representatives are somehow prohibited from seeking incentive fees; it is not uncommon for former class representatives to be awarded such fees by the court at its discretion.

(ECF No. 468-13).

On June 13, 2017, the parties initiated discovery dispute proceedings before the undersigned Magistrate Judge. (ECF Nos. 431-432). After a hearing on June 23, 2017, the parties were granted leave to file motions to compel. (ECF No. 432). On July 5, 2017, the parties filed motions for discovery. (ECF Nos. 436-438). In compliance with this District's local rules, the parties filed a joint statement regarding discovery disputes on July 19, 2017.[2] (ECF Nos. 440-444). A discovery dispute conference was held on July 26, 2017. (ECF No. 447, 451). The Court took under advisement the issue of whether Plaintiffs Hayek, Rawlings, Rehberg, and Schugg are required to provide responses to the Requests.

### C. Legal Standards - Discovery

A party may serve on any other party a request to produce documents, interrogatories, and requests for admission within the scope of discovery under Rule 26(b). Fed. R. Civ. P. 33(a); 34(a); 36(a)(1). Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

---

[2] While the other parties filed their briefs and exhibits on the public docket, DairyAmerica initially filed a request to seal its discovery dispute briefs and exhibits. (ECF No. 444). Because portions of the request to seal were denied (ECF Nos. 464, 467), DairyAmerica did not file its redacted motions to compel on the public docket until August 18, 2017. (ECF Nos. 468-470). However, DairyAmerica did serve copies of its briefs and exhibits upon the Court and the parties prior to the July 26, 2017 hearing.

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

The responding party to a request for production, interrogatory, or request for admission may respond by objecting to the discovery request. Fed. R. Civ. P. 34(b)(2)(C); 33(b)(4); 36(a)(5). A party may file a motion to compel discovery if another party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3).

**D. Analysis**

DairyAmerica argues that responses to the Requests should be compelled under Rule 37 as to Plaintiffs Hayek, Rawlings, Rehberg, and Schugg because they should be treated as "Third-Party Plaintiffs" (i.e. current parties to the case) who are obligated under the Federal Rules to respond to properly served discovery requests. Plaintiffs argue that these Plaintiffs have no current obligation under the Federal Rules to respond to discovery requests because they are no longer parties to the case --- rather, they are "absent" class members. Thus, resolution of the instant discovery dispute necessarily turns on the appropriate classification of Hayek, Rawlings, Rehberg, and Schugg.

Plaintiffs Hayek, Rawlings, Rehberg, and Schugg were properly classified as Third-Party Plaintiffs beginning at the time that this case was consolidated with 1:09cv0556-AWI-DLB, 1:09cv0558-AWI-DLB and 1:09cv0607-AWI-DLB on May 29, 2009. That Order found, under Rule 42(a) of the Federal Rules of Civil Procedure, that the cases had common questions of law and fact and should be consolidated for all purposes, including trial. (ECF No. 44). The Order expressed no intention of dismissing any party from the case or waiving any party's obligations under the Rules. (*Id*.) Thus, Plaintiffs Hayek, Rawlings, Rehberg, and Schugg were Third-Party Plaintiffs from the time of consolidation until such time that they were dismissed or withdrawn. While classified as Third-Party Plaintiffs, they were under an obligation to respond to properly served discovery requests.

The May 29, 2009 Order consolidating the cases stated this case "shall be the lead case and referenced in the caption of all pleadings" and the parties were instructed to "file all documents in the

4

lead case." (ECF No. 44). Thus, any request to dismiss or withdraw Third-Party Plaintiffs Hayek, Rawlings, Rehberg, and Schugg would have had to have been filed, if at all, in this case.

The parties differ on whether the filing of an amended complaint constitutes a sufficient basis to change the classification of the Third-Party Plaintiffs. It is a well-established principle that, in the normal course, an amended complaint "supersedes the original, the latter being treated thereafter as non-existent." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012). Thus, a claim or party can be eliminated from the case merely by filing an amended complaint that does not rename that claim or party. *See id*.

With respect to the First Amended Complaint in this case, it was filed prior to the May 29, 2009 Order consolidating the cases. Thus, the filing of the First Amended Complaint cannot serve as the basis for dismissing or withdrawing any obligations of parties in the not-yet-consolidated cases.

The February 24, 2016 filing of the Third Amended Complaint ("3AC") is less straightforward. The Court generally agrees with Plaintiffs that post-consolidation amendments to the complaint in a consolidated action would have the effect of superseding the complaints in the non-lead cases so long as the moving party expresses that intent in their moving papers and the other parties have sufficient notice of that intent.

Here, Plaintiffs originally expressed their intent to file a "Second Amended Consolidated Complaint" on June 30, 2014. (ECF No. 156, 161.) Leave to file a Second Amended Complaint was ultimately denied. (ECF No. 207). Plaintiffs then renewed their request to file a "Second Amended Consolidated Complaint" in September 2015. (ECF No. 220). That request was granted on January 20, 2016, and Plaintiffs were instructed to file a "Third Amended Complaint," which they did. (ECF Nos. 240, 245). Thus, the Court finds that the filing of the 3AC in this case had the operational effect of superseding the complaints in the non-lead cases, dismissing the Third-Party Plaintiffs, and converting them into non-parties.

The discovery requests at issue were served upon Third-Party Plaintiffs in July 2015 and were pending at the time the 3AC was filed. The question is what effect, if any, did the filing of the 3AC have on the former Third-Party Plaintiffs' obligation to respond to the Requests. Generally, the

court lacks jurisdiction over non-parties unless they are properly served with a valid Rule 45 subpoena.

In support of their position, DairyAmerica cites to cases where the dismissal of a party was conditioned upon the party responding to discovery requests. *See Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) (granting Rule 41(a)(2) request for voluntary dismissal upon the condition that respondent further respond to the written discovery requests already propounded on her); *Fraley v. Facebook Inc.*, No. C 11-1726 LHK PSG, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) (denying plaintiffs' motion for protective order to prevent a withdrawing class representative from being deposed); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (ordering deposition of a "currently a named plaintiff and has not yet been dismissed"). However, unlike those cases, the former Third-Party Plaintiffs in this case are no longer in the case, and the Court is no longer in a position to impose limitations upon their dismissal.

As discussed above, DairyAmerica had notice that Plaintiffs were requesting leave to file a consolidated class action complaint. Therefore, the appropriate time to impose conditions upon the dismissal or withdrawal of the former Third-Party Plaintiffs would have been at the time Plaintiffs' motion for leave to file a consolidated class action complaint was pending. DairyAmerica did not attempt to litigate this issue at that time. As a result, no conditions were placed upon the dismissal of the former Third-Party Plaintiffs. Thus, the Court no longer has jurisdiction over the former Third-Party Plaintiffs, cannot order them to respond to the Requests under Rule 37, and must deny DairyAmerica's motion to compel.

The mere possibility that the former Third-Party Plaintiffs could eventually be included in a class certified at a future date does not change the result. At this time, no class has been certified under Rule 23, and therefore, the former Third-Party Plaintiffs are not presently in the case.

This Court declines to adopt a rule permitting discovery upon "absent" class members. *See, e.g., Arredondo v. Delano Farms Co.*, No. 1:09-CV-01247 MJS, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014) (adopting a multi-part test to determine whether discovery upon absent class members should be permitted); *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (recognizing that discovery from absent class members is generally

not permitted but adopting multi-part test articulated in Clark v. Universal Builders, Inc., 501 F.2d 324, 340–42 (7th Cir. 1974)). As recognized in *Arredondo,* "[n]o Supreme Court or Ninth Circuit case law addresses the propriety of conducting discovery on absent class members." *Id.* This Court does not find sufficient legal support for such a rule because, without certification of a class under Rule 23, the "absent" class members are not yet parties to the case, and therefore, the Court lacks jurisdiction over them to enforce a Rule 37 motion to compel directing them to provide discovery responses. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 105 S. Ct. 2965, 2973–74, 86 L. Ed. 2d 628 (1985) (explaining that absent class members are not parties to the case, have no obligations to do anything prior to class certification, and the courts lack coercive authority over them).

The only means by which DairyAmerica can now obtain discovery from these individuals is by serving a Rule 45 subpoena.

**E. Conclusion**

Accordingly, DairyAmerica's motion to compel (ECF No. 468) is DENIED.

IT IS SO ORDERED.

Dated: __**October 3, 2017**__    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE