# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.,<br><br>Defendants. | CASE NO. 1:09-CV-00430 AWI EPG<br><br>ORDER ON CALIFORNIA DAIRIES, INC.'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S RULING<br><br>(Doc. No. 482) |

On August 24, 2017, the Magistrate Judge granted Plaintiffs' Motion for Sanctions ("Sanctions Order"), against DairyAmerica, Inc. ("DairyAmerica"). See Doc. No. 474. On September 7, 2017, California Dairies, Inc. ("CDI") timely filed a request for reconsideration, arguing that the Sanctions Order should be modified to the extent that it imposes evidentiary sanctions against CDI. Plaintiffs filed an opposition. For the reasons that follow, after due consideration, the Magistrate's Sanctions Order will be affirmed.

## **FACTUAL BACKGROUND**

Plaintiffs filed a motion for sanctions against DairyAmerica on July 19, 2017, based on alleged discovery violations. Doc. No. 443-4. The Magistrate Judge sanctioned DairyAmerica based on its failure in April 2013 to disclose the names of three witnesses and the existence of a

certain database pursuant to a Court order requiring the identification of information and witnesses "likely to [have] [or] contain discoverable information relevant to the subject matter of this litigation." See Doc. No. 123, p. 2-3. Part of the sanctions imposed against DairyAmerica included a sanction "to remove any defense on the basis of untimeliness to allegations stemming from the three undisclosed witnesses and export program." Doc. No. 474, p. 19.

## **LEGAL DISCUSSION**

CDI argues that the Magistrate Judge's order should be modified to the extent that it imposes evidentiary sanctions against CDI. Since CDI was neither accused by Plaintiffs in their motion for sanctions nor found by the Magistrate Judge to have committed any discovery violation in the Sanctions Order, there would be no basis under these facts to sanction CDI. This Court finds no reference in the Magistrate Judge's order to sanctions being imposed on CDI. Instead, following briefing and oral argument regarding Plaintiffs' motion for sanctions, CDI filed a "Statement" objecting to any effect the Magistrate Judge's order could have on claims against CDI. Doc No. 457. In a footnote, the Magistrate Judge addressed CDI's Statement and explained that:

> This Court declines to carve out an exception to its sanction to allow California Dairies to dismiss claims based on untimeliness that arose from the withheld information. As California Dairies notes in its arguments, its untimeliness arguments stem from the assumption that Plaintiffs could have discovered this information earlier with diligence. That argument fails in light of the fact that Plaintiffs' efforts would have revealed that information in April of 2013 if DairyAmerica had complied with Court orders.

Doc. No. 474, fn. 2.

The Court interprets the Magistrate Judge's order to state that CDI has not been sanctioned. Instead, the Magistrate Judge's order declined to "carve out an exception to its sanction" for CDI to use untimeliness to dismiss claims that arose from information withheld from Plaintiffs. This Court interprets the Magistrate Judge's declination to "carve out an exception to its sanction" as referring to California's "delayed discovery rule," which this Court previously relied on in allowing Plaintiffs to further amend their complaint. Doc. No. 475. The delayed

discovery rule does not require a finding of fault or wrongdoing by Defendants, but instead "In order to rely on the discovery rule for delayed accrual of a cause of action, 'a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 809 (2005) (citation omitted).

This Court clarifies that CDI can raise untimeliness in future briefing, however, this Court has already found that the delayed discovery rule applies to Plaintiffs under the current facts presented to the Court. Doc. No. 475. This Court cautions CDI to avoid re-raising the same timeliness argument against claims that are based on Plaintiffs' inability to make earlier discovery despite reasonable diligence, unless CDI can present new facts supporting untimeliness.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that CDI's Request for Reconsideration is DENIED, and instead CDI should refer to the Court's discussion above for clarification.

IT IS SO ORDERED.

Dated:   October 30, 2017   _____
                             SENIOR DISTRICT JUDGE