# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE,** individually and on behalf of themselves and all other similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.**<br><br>**Defendants** | **CASE NO. 1:09-CV-0430 AWI-EPG**<br><br>**ORDER GRANTING UNOPPOSED MOTION TO PROVIDE SUPPLEMENTAL NOTICE TO SETTLEMENT CLASS MEMBERS IN FEDERAL MILK MARKETING ORDER 30**<br><br>(Doc. No. 565) |

On September 14, 2018, this Court granted preliminary approval of the Settlement Agreement and approved Plaintiffs' proposed notice plan. Doc. No. 559. The comprehensive notice program includes (1) direct mailed notice of the settlement to Settlement Class Members and (2) publication notice in two widely-circulated magazines directed to dairy farmers and on a publicly available website. *Id.* at 16.

To provide direct mailed notice, the Claims Administrator, Rust Consulting, obtained contact and production information for Settlement Class Members from the eleven Federal Milk Marketing Orders ("FMMOs") that were operating during the Class Period. Doc. No. 563. Plaintiffs have informed the Court that Rust Consulting requested that, for each Settlement Class Member, the FMMOs provide the mailing address and the volume of raw milk sales priced

1

according to a FMMO. In response, each FMMO produced all their responsive and available data. Rust Consulting processed the FMMO data, prepared the mailings, and sent notices to 83,596 Settlement Class Members on November 27, 2018. The notices enclosed individualized claim forms. Each such claim form purported to contain the volume of raw milk priced according to a FMMO that the farmer sold during the Class Period (January 1, 2002 through April 30, 2007). Doc. No. 565.

Plaintiffs have now informed the Court that one of the eleven Federal Milk Marketing Orders only possesses relevant data for part of the Class Period. Specifically, due to hardware and software changes to its computer system, the Upper Midwest Marketing Order (also known as FMMO 30) can only access the volumes of raw milk sales by individual dairy farmers during the period January 2006 through April 2007.[1] As a result, the claim forms mailed to Settlement Class Members who sold raw milk priced according to FMMO 30 only contain the volume of raw milk sales for that limited 16-month period, rather than the entire 64-month Class Period. These Settlement Class Members comprise approximately 24% of the Settlement Class.

Plaintiffs propose a supplemental notice be sent to these class members, allowing each member to choose to either a) accept an estimated volume of raw milk sales, based on the available data, to be used in calculating their portion of the settlement, or b) dispute the estimate and submit data demonstrating the class member's individual sales. *See* Doc. No. 565 and attached Exhibits A and B. Plaintiffs contend this supplemental notice will not alter any other timelines in this case. Defendant does not oppose Plaintiffs' motion.

The Court has reviewed the proposal, and finds it in the best interest of the affected class members.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' unopposed motion is taken under submission as of today and is GRANTED, and the January 14, 2019 hearing is vacated;
2. Within seven days of this Order,

    a. the Supplemental Notice and the Claim Form to Settlement Class Members who sold raw milk priced according to the Upper Midwest Federal Milk Marketing Order 30 will be sent, in accordance with Exhibits A and B to the motion; and

    b. the settlement website will be updated to provide information related to this issue and the Supplemental Notice.

3. All other dates related to settlement class notice and final approval of settlement remain unchanged as set out in the November 2, 2018 Order (ECF No. 564).

IT IS SO ORDERED.

Dated: December 13, 2018

_____
SENIOR DISTRICT JUDGE