# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE, individually and on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.<br><br>Defendants | CASE NO. 1:09-CV-0430 AWI-EPG<br><br>ORDER ON PLAINTIFFS' MOTION TO STRIKE OBJECTORS' NOTICE OF APPEAL<br><br>(Doc. Nos. 588, 592) |

On May 8, 2019, the Court issued an order that approved the class settlement in this case. See Doc. No. 586. On June 5, 2019, six class members a notice of appeal. See Doc. No. 588. The appeal was filed by New York attorney Joshua Haar. Currently before the Court is Plaintiffs' motion to strike the notice of appeal filed by Mr. Haar. See Doc. No. 592.

*Plaintiffs' Argument*

Plaintiffs argue *inter alia* that Mr. Haar is not a member of the Eastern District of California bar and that he has not been permitted to appear *pro hac vice* on behalf of any class member. Plaintiffs argue that the Court previously refused to let Mr. Haar be heard at the settlement approval hearing because he is not a class member and was not admitted to practice *pro hac vice*. Despite the Court's actions, and Mr. Haar's knowledge that *pro hac vice* approval was needed, he still filed a notice of appeal without having met the *pro hac vice* requirements. Therefore, the Court should strike the notice of appeal.

*Objectors'/Mr. Haar's Opposition*

No opposition or response of any kind has been filed to the motion to strike.

*Discussion*

The Local Rules of the Eastern District of California contain requirements that attorneys who wish to practice within the Eastern District must follow. Two local rules are particularly germane to this case. Local Rule 180(b), entitled "Practice in this Court," reads: "Except as otherwise provided herein, only members of the Bar of this Court shall practice in this Court."[1] Local Rule 180(b)(2) is entitled "Attorneys Pro Hac Vice," and reads in relevant part: "An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State . . ., and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case." Similarly, Local Rule 135(g) addresses the ability of an attorney to make filings in this Court. In relevant part, Local Rule 135(g) reads: "All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear pro hac vice." Together, Local Rule 135(g) and Local Rule 180 make it clear that any attorney who wishes to appear on behalf of a client and to make filings in this Court must be admitted to the Bar of the Eastern District of California or be permitted to appear in a particular case *pro hac vice*.

The Court has explained this to Mr. Haar before. At the settlement approval hearing, Mr. Haar attempted to object on behalf of the same six class members on whose behalf he filed the notice of appeal. Based on the Local Rules, the Court did not permit Mr. Haar to be heard (the six class member were not present at the hearing). Further, in the Court's order approving the settlement, the Court described prior communications with Mr. Haar regarding a *pro hac vice* application, described the interaction with Mr. Haar at the hearing, cited Local Rule 180, and noted that Mr. Haar was not a member of the class. See Doc. No. 586 at 13 n.5. Therefore, Mr. Haar has been well aware of the Local Rules and has inability to appear on behalf of objecting class members in the absence of *pro hac vice* admission for some time.

---

[1] Local Rule 180(a) addresses admission to the Bar of the Eastern District of California.

2

Applying the Local Rules to this matter, Mr. Haar is not a member of the Bar of the Eastern District of California and he has not been permitted to appear in this case *pro hac vice*. Therefore, he is not entitled to practice in this Court, nor is he permitted to make filings in this Court on behalf of others. See Local Rule 135(g), 180(b). As a result, the notice of appeal filed by Mr. Haar violates the Local Rules and is tantamount to a violation of Rule 11(a) since Mr. Haar's signature is invalid. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . ."). Also, because the notice of appeal violates the Local Rules, it also violates Federal Rule of Appellate Procedure 1(a)(2).[2] In the absence of any opposition or response from Mr. Haar, the Court finds that the appropriate course is to grant Plaintiffs' motion and strike the notice of appeal due to violations of the Local Rules and Rule 11. See Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike (Doc. No. 592) is GRANTED; AND
2. The notice of appeal signed by Mr. Haar (Doc. No. 588) is STRICKEN.

IT IS SO ORDERED.

Dated: July 11, 2019

    SENIOR DISTRICT JUDGE

---

[2] FRAP 1(a)(2) reads: "When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court."