**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GERALD CARLIN, JOHN RAHM, PAUL ROZWADOWSKI and DIANA WOLFE,** individually and on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DAIRYAMERICA, INC., and CALIFORNIA DAIRIES, INC.**<br><br>**Defendants** | CASE NO. 1:09-CV-0430 AWI-EPG<br><br>**AMENDED ORDER ON PLAINTIFFS' MOTION FOR APPROVAL OF *CY PRES* DISTRIBUTION AND SUPPLEMENTAL PAYMENT TO CLAIMS ADMINISTRATOR**<br><br>(Doc. Nos. 600, 602) |

On May 8, 2019, the Court issued an order that approved the class settlement in this case. See Doc. No. 586. On January 12, 2022, Plaintiffs' filed a motion to approve a supplemental payment to the claims administrator and to distribute the remaining class funds through the *cy pres* doctrine. See Doc. No. 600. No interested party has objected or responded to Plaintiffs' motion in any way. The Court vacated a scheduled hearing on Plaintiffs' motion and took the matter under submission on February 9, 2022. See Doc. No. 601. On February 14, 2022, the Court issued an order that granted Plaintiffs' motion. See Doc. No. 602. However, this order erroneously omitted a *cy pres* recipient. See id. To remedy this situation, the Court will vacate its prior order and issue this amended order.

*Plaintiffs' Arguments*

Plaintiffs represent that of the net $25,774,997.41 settlement fund, $507,383.00 remains undistributed after the issuance of 25,578 checks. A total of 763 checks remain uncashed. Plaintiffs represent that a second pro rata distribution of the remaining funds would be too

1

modest to be meaningful. Administrative costs would likely be an additional $35,000 to $40,000 and the individual pro rata checks would likely be around $19. Thus, distribution of the remaining funds through a second supplemental payment to the administrator and to seven organization through *cy pres* is warranted. The seven organizations are non-profit organizations that benefit dairy farmers in numerous ways including providing agricultural education, building leadership skills for students, seeking economic justice for family farms, and fighting monopolistic pressures against small and family farms. These organizations were also selected through consultation with the four representative plaintiffs.

With respect to supplemental fees, authorization was previously granted for administrative fees of $418,000.00. An additional payment of $290,393.02 is appropriate because: (1) the class size was more than double what was anticipated; (2) collecting the identities and milk production of class members was highly complex and required data harvesting from eleven Federal Milk Marketing Orders ("FMMO") across the country; (3) one FMMO supplied incomplete data, which necessitated additional mailings and produced duplicative claim forms; (4) the claim forms exceeded expectations because the of the unexpected large class size (16,000 expected but 27,000 received); (5) more call center contacts were received than expected due to large class size; (6) 320 disputed claims were expected, but 2,500 disputed claims were actually received, which required review, validation, and resolution; and (7) the initial cost estimate did not include tax reporting costs as those were unknown at that the time of estimate. Because of the additional work stemming from the unexpectedly large and complex claims data, the supplemental fee is appropriate.

*Legal Standard*

The "*cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class settlement fund to the next best class of beneficiaries." Lane v. Facebook, Inc., 696 F.3d 811, 819 (9th Cir. 2012). That is, *cy pres* allows a court to "put the unclaimed fund to its next best compensation use, e.g. for the aggregate, indirect, prospective benefit of the class. Nachsin v. AOL, LLC, 663 F.3d 1034, 1038 (9th Cir. 2011). "*Cy pres* distributions must account for the nature of the plaintiff's lawsuit, the objectives of the underlying statutes, and the

interests of the silent class members, including their geographic diversity." Id. at 1036; see also id. at 1039-40. *Cy pres* is frequently used in the class action settlement context "where the proof of individual claims would be burdensome or distribution of damages costly." Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1305 (9th Cir. 1990).

*Discussion*

First, with respect to the request for supplemental funds, the Court has reviewed the briefing and the detailed declaration of the administrator's Senior Vice President. The declaration is consistent with the representations and arguments made in Plaintiffs' motion. Given the complex issues surrounding FMMO's, the unexpectedly large class size, and the challenges that resulted from the unexpectedly large class size, the Court finds that the additional funds requested, $290,393.02, is appropriate.

Second, this case was a class action brought on behalf of dairy farmers in 25 states regarding improperly reported dairy product prices, which resulted in lower prices in the USDA process for pricing raw milk. The evidence before the Court is that a further pro-rata distribution of funds would result in significant additional administrative costs, but very little additional pay off to qualified class members. Further, the seven organizations selected by Plaintiffs have a national presence and are not strictly local. The seven organizations work to further the interests of dairy producers (particularly family dairies) in a number of areas, including pricing and anti-trust matters. In the absence of an opposition, and given the information provided by Plaintiffs, the Court finds that a *cy pres* distribution of the remaining $211,915.61 to the seven organizations identified is appropriate because those organizations either address the objective of the regulations at issue, seek to strengthen and protect the interests of the class in their endeavors as dairy producers, and/or are reasonably certain to provide benefits to the class. See Nachsin, 663 F.3d at 1036, 1038-40.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The prior order on Plaintiff's motion for *cy pres* distribution and for supplemental administrative fees (Doc. No. 602) is VACATED;

2. Plaintiffs' motion for *cy pres* distribution and for supplemental administrative fees (Doc. No. 600) is GRANTED;

3. $290,393.02 from the Net Settlement Fund is authorized to be distributed to Rust Consulting, Inc. for its claims administration costs;

4. $211,915.61 (or any residual amount remaining in the fund in a similar proportion as shown below) is authorized to be distributed to the following *cy pres* recipients:

   a. $50,000 to the Family Farm Defenders;
   b. $36,915.61 to the National Family Farm Coalition;
   c. $25,000 to the National Future Farmers of America;
   d. $25,000 to the National Farmers Union;
   e. $25,000 to the National Dairy Producers Organization;
   f. $25,000 to Farm Action; and
   g. $25,000 to the Organization for Competitive Markets.

IT IS SO ORDERED.

Dated: February 14, 2022

SENIOR DISTRICT JUDGE